# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SAMUEL L. REED,

            Petitioner,

v.

            Case No. 16-3208-DDC

SAM CLINE, et al.,

            Respondents.

## MEMORANDUM AND ORDER

On July 14, 2017, the court denied petitioner Samuel L. Reed's Petition for Writ of Habeas Corpus (Doc. 22) and entered Judgment (Doc. 23). On August 11, 2017, petitioner filed a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e) (Doc. 24). Petitioner also has filed Objections to Finding of Facts and Conclusions of Law (Doc. 29),[1] a Supplement to his Motion to Alter or Amend Judgment (Doc. 30), and an Additional Motion for Reconsideration (Doc. 33). These filings all assert that the court erred when it denied his petition for federal habeas corpus relief under 28 U.S.C. § 2254. Petitioner also filed a Motion for Leave to Appeal in forma pauperis (Doc. 26). For reasons explained below, the court denies petitioner's Motion to Alter or Amend Judgment but grants his Motion for Leave to Appeal in forma pauperis.

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after entry of judgment. A court may grant a motion to alter or amend a judgment under Rule 59(e) on one of the following three grounds: "(1) an intervening change in the controlling

---

[1] While petitioner filed his Objections under the guise of Federal Rule of Civil Procedure 52, this relief is not available to petitioner. *See Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007) ("[Rule 52], however, applies only to cases in which a district court issues factual findings following a trial on the merits."). However, the court construes Doc. 29 as a Supplement to petitioner's Motion to Alter or Amend Judgment because the court must construe pro se documents liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012). A Rule 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Petitioner claims the court made "manifest errors of law and fact." Doc. 30 at 1.

Petitioner contends the court should amend or alter its judgment for four reasons. The court analyzes each one, below, in turn.

First, petitioner argues the court misconstrued Kansas law governing a witness's availability. If a witness is unavailable, Kansas courts allow the admission of certain types of hearsay statements into evidence. Kan. Stat. Ann. § 40-460(c). Specifically, petitioner argues that the court should have found that the state district court impermissibly admitted hearsay into evidence when the declarant was not unavailable. Doc. 29 at 6. According to petitioner, the state district court should have ordered the declarant to testify before finding him unavailable. *Id.* However, the Kansas Supreme Court already has held that a trial judge does not need to order a declarant to testify to find a declarant unavailable. *State v. Reed*, 352 P.3d 530, 544 (Kan. 2015). The court did not misconstrue state law by following the law adopted by the state's highest court. And even if it had erred, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Petitioner's last four arguments do not justify a need to amend or alter the court's earlier order. First, petitioner argues the court erred in finding his Sixth Amendment right to a public

trial was violated. Doc. 30 at 2. Second, petitioner argues the court erred in finding Mr. Pittman did not provide ineffective assistance of counsel when he did not object to the admission of Mr. Becknell's hearsay testimony. *Id.* at 4. Third, petitioner argues the court erred by finding Mr. Pittman did not provide ineffective assistance of counsel when he did not object to the prosecutor's attempt to bolster a witness's credibility. *Id.* at 5. Last, petitioner argues the court erred by finding petitioner's right to confront witnesses against him was not violated. Doc. 33 at 3. Petitioner's arguments on these issues are essentially the same ones he advanced in his original briefing. He has not shown "an intervening change in the controlling law, new evidence previously unavailable, [or] the need to correct clear error or prevent manifest injustice." The court thus denies petitioner's Motion to Amend or Alter the Judgment.

Petitioner also filed a Motion for Leave to Appeal in forma pauperis. Doc. 26. Neither habeas corpus proceedings, nor the appeals of those proceedings, are subject to the Prison Litigation Reform Act or its filing fees. *See United States v. Simmonds*, 111 F.3d 737, 743–44 (10th Cir. 1997), *rev'd on other grounds*, *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003). The court thus grants petitioner's Motion for Leave to Appeal in forma pauperis (Doc. 26).

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner Samuel L. Reed's Motion to Alter or Amend Judgment (Doc. 24) is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner Samuel L. Reed's Motion for Leave to Appeal in forma pauperis (Doc. 26) is granted.

**IT IS SO ORDERED.**

**Dated this 21st day of September 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
